UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER JOSUE RUGAMA-
ARAUZ,

      Petitioner,

v.

WARDEN OF MONROE COUNTY
JAIL-DORM, et al.,

      Respondents.

Case No. 26-cv-11444

Honorable Robert J. White

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**(ECF No. 1)**

---

Petitioner Alexander Josue Rugama-Arauz filed for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1, PageID.1).  Rugama-Arauz filed his petition pro se. He is currently detained at Monroe County Jail under immigration custody. (*Id.*).  The United States Attorney's Office for the Eastern District of Michigan (the Government) appeared on behalf of Respondents, the Warden of the Monroe County Jail-Dorm, United States Immigration and Customs Enforcement (ICE), and the United States Department of Homeland Security (DHS). (ECF No. 5).  Rugama-Arauz argued that his continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (ECF No. 1, PageID.2).

Rugama-Arauz is a native and citizen of Nicaragua. (*Id.* at PageID.1).  He came to the United States on October 29, 2020 in search of employment to support his family. (*Id.*).  He has lived in the United States since then. (*Id.*).  He was raised by a single mother, who takes care of his younger sibling with Down Syndrome. (*Id.* at PageID.2).  Rugama-Arauz stated that he previously worked in construction, and that his family depends on his income for food, medical care, and basic living expenses. (*Id.*).  Rugama-Arauz did not represent that he sought lawful status or admission to the United States, and he did not dispute that he is in the United States unlawfully.

On March 1, 2026, local law enforcement stopped Rugama-Arauz for an expired vehicle registration. (*Id.* at PageID.1).  ICE took Rugama-Arauz into custody and have since detained him at Monroe County Jail. (*Id.* at PageID.1, 10).  Rugama-Arauz asserted that because of his absence, his family has lost its primary financial support and cannot afford basic needs. (*Id.* at PageID.3).

Rugama-Arauz requested relief in the form of his immediate release from custody or an individualized bond hearing. (*Id.*).  In its response, the Government acknowledged that recent binding Sixth Circuit authority, *see Lopez-Campos v. Raycraft*, --- F.4th ---, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. 2026), entitles non-citizens like Rugama-Arauz to a bond hearing under 8 U.S.C. § 1226. (ECF No. 6, PageID.83–84).  Although the Government did not argue

2

against allowing Rugama-Arauz a bond hearing, it asked the Court to dismiss the petition for lack of subject matter jurisdiction because it "no longer presents an actionable Article III case or controversy." (*Id.*).

In *Lopez-Campos*, the Sixth Circuit held that non-citizens who are already in the United States and not seeking lawful admission or entry can be detained only under § 1226 and not under § 1225(b)(2)(A). 2026 WL 1283891, at *3, *11. Importantly, a non-citizen detained under § 1226 can seek bond or conditional parole, subject to several enumerated exceptions inapplicable here. *See id.* at *2; §§ 1226(a)(2)(A)–(B), (c).   The Sixth Circuit also emphasized that "noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, 'whether their presence here is lawful, unlawful, temporary, or permanent.'" *Lopez-Campos*,  2026 WL 1283891 at *11 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)).  And where "immigration detention becomes needlessly prolonged and appears to no longer effectuate the regulatory goals of civil immigration detention, courts routinely hold that the Due Process Clause requires an individualized bond hearing to justify a noncitizen's continued detention." *Lopez-Campos*, 2026 WL 1283891 at *11.   Ultimately, the Sixth Circuit upheld the determination that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights." *Id.* at *13.

Following *Lopez-Campos*, then, the Court finds that Rugama-Arauz is entitled to a bond hearing under § 1226, and his prolonged detention without one violates his due process rights under the Fifth Amendment.   The Court will therefore grant Rugama-Arauz's habeas petition. (ECF No. 1).  The Court will not dismiss the case based on lack of subject matter jurisdiction as the Government suggested, however. The Court disagrees that there is no live case or controversy.  As far as the Court knows, Rugama-Arauz is still in custody and has yet to have a bond hearing. Considering that serves as the basis for his claims, there are presently no grounds for dismissal.

Finally, because the Court will grant Rugama-Arauz's habeas petition, his motion for expedited consideration (ECF No. 2) and his motion for immediate release or in the alternative a bond hearing (ECF No. 3) are denied as moot.

* * *

For the reasons given, the Court **ORDERS** that the petition for writ of habeas corpus (ECF No. 1) is **GRANTED**.

The Court **FURTHER ORDERS** that Respondents must release Rugama-Arauz, or in the alternative, provide him with a bond hearing under 8 U.S.C. § 1226(a) within ten days of the date of this Order.

The Court **FURTHER ORDERS** that Respondents shall file a Status Report with this Court within fourteen days of the date of this Order to certify compliance with this Order.

The Court **FURTHER ORDERS** that Rugama-Arauz's motion for expedited consideration (ECF No. 2) and motion for immediate release or, in the alternative, bond hearing (ECF No. 3) are **DENIED AS MOOT**.

Dated: May 21, 2026                    s/Robert J. White
                                       Robert J. White
                                       United States District Judge

5