UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER JOSUE RUGAMA-ARAUZ,

Petioner,

v.

WARDEN OF MONROE COUNTY JAIL-DORM, et al.,

Respondents.

Case No. 26-cv-11444

Honorable Robert J. White

**ORDER DENYING PETITIONER'S EMERGENCY MOTION TO ENFORCE COURT ORDER AND REQUEST FOR IMMEDIATE RELEASE**

On May 21, 2026, the Court granted Petitioner Alexander Josue Rugama-Arauz's petition for a writ of habeas corpus and ordered Respondents to release him or provide him with a bond hearing under 8 U.S.C. § 1226(a) within ten days. (ECF No. 7, PageID.90–91). The Court also required Respondents to file a status report certifying compliance. (*Id.* at PageID.91). On May 27, Respondents reported that the immigration court held a bond hearing on May 26 and denied bond after finding that Petitioner presented a flight risk. (ECF No. 8, PageID.92).

Petitioner now moves to enforce the Court's order, requesting immediate release or another bond hearing. (ECF No. 9). He acknowledges receiving the May

26 hearing but argues that the denial of bond demonstrates that the hearing was constitutionally inadequate. (*Id.* at PageID.96). He also asserts that he has no criminal record, poses no danger to the community, is not a flight risk, and describes the hardship his continued detention causes his family. (*Id.* at PageID.96–97). Respondents oppose the motion, arguing that they complied with the order and that Petitioner identifies no procedural deficiency in the hearing. (ECF No. 11, PageID.108–112).

"A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) (citation omitted). Here, Respondents provided the hearing within the required period and timely filed their compliance report. (ECF No. 8). The Court's order required a bond hearing as an alternative to release; it did not require the immigration judge to grant bond. (ECF No. 7, PageID.91).

Petitioner nevertheless contends that the hearing failed to satisfy the Court's order because the immigration judge denied bond. (ECF No. 9, PageID.96). Under 8 U.S.C. § 1226(e), the Court may not review discretionary judgments concerning detention, release, and bond. *See Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018). However, as the Sixth Circuit explained in a similar immigration habeas matter, courts may review "whether the bond hearing itself satisfied the Fifth Amendment's guarantee of procedural due process." *De Leon Trejo v. Bullock*, No.

26-5186, 2026 WL 2057094, at *2 (6th Cir. May 14, 2026). *See also AARP v. Trump,* 145 S. Ct. 1364, 1368 (2025) (per curiam) (recognizing that Fifth Amendment due process applies in immigration proceedings).

Here, Petitioner identifies no specific procedural deficiency in his hearing. His assertions concerning his criminal history, danger to the community, and flight risk principally contest the merits of the immigration judge's discretionary bond determination, which the Court may not reweigh. *See* 8 U.S.C. § 1226(e). The unfavorable result alone does not establish that the hearing was constitutionally inadequate or that Respondents violated the Court's order. Accordingly, Petitioner has not established grounds for immediate release or another bond hearing through enforcement of the prior order. (ECF No. 7).

For these reasons, the Court ORDERS that Petitioner's Emergency Motion to Enforce Court Order and Request for Immediate Release (ECF No. 9) is DENIED.

Dated: October 6, 2026

s/Robert J. White
Robert J. White
United States District Judge